# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| IOWA PROTECTION AND ADVOCACY SERVICES, INC., | |
| Plaintiff, | No. C04-0069 |
| vs. | **ORDER** |
| TANAGER PLACE and TANAGER, INC., | |
| Defendants. | |
| TANAGER PLACE, | |
| Counterclaim Plaintiff, | |
| vs. | |
| IOWA PROTECTION AND ADVOCACY SERVICES, INC., | |
| Counterclaim Defendant. | |
| TANAGER PLACE, | |
| Third-Party Plaintiff, | |
| vs. | |
| SYLVIA PIPER, | |
| Third-Party Defendant. | |

_____

This matter comes before the court pursuant to Tanager Place's June 2, 2005 motion to strike expert witness (docket number 66). Tanager Place moves to strike Clarence Sundram as an expert and preclude him from testifying at trial for two reasons: (1) his report was untimely under the Scheduling Order and Discovery Plan; and (2) his report contains opinions that are irrelevant to any issues in the slander litigation and otherwise do not meet the standards under Fed. R. Evid. 702. Under the Scheduling Order, January 20, 2005 was the deadline for Iowa Protection and Advocacy Services, Inc. ("Iowa P & A") to disclose its expert witnesses. Iowa P & A timely identified Sundram in its disclosure, but failed to provide a report as required by Fed. R. Civ. P. 26(a)(2), until May 13, 2005. Tanager Place's deadline to designate rebuttal experts was February 20, 2005. Discovery closed on May 20, 2005. Trial is scheduled for September 19, 2005.

Iowa P & A resists Tanager Place's motion, arguing that it timely identified Sundram as an expert witness, and that Tanager Place has suffered no harm by the late disclosure of Sundram's report as it has no bearing on the pending summary judgment motion, and Iowa P & A does not object to Tanager Place having additional time to name a rebuttal expert or to conduct any expert discovery regarding Sundram's opinions. Iowa P & A further notes that Tanager Place never inquired as to the status of an expert report, instead waiting until three weeks after it received the report, and after discovery was closed to file its motion to strike. Iowa P & A finally argues that Sundram's report complies with Fed. R. Evid. 104(a) and 702, and satisfies the standards for admissibility under Daubert. Iowa P & A notes that the alleged shortcomings in its expert's report are present as well in the report of Dr. Earl Kelly, Tanager Place's expert. Iowa P & A contends that the Daubert challenge should be addressed at the September 9, 2005 Final Pretrial Conference via motions in limine.

Tanager Place's motion to strike based upon the untimeliness of the disclosure of Sundram's report is denied. Tanager Place has identified no prejudice it suffered as a result of the late disclosure except for its failure to identify a rebuttal expert. Tanager

Place shall have until July 15, 2005 to identify a rebuttal expert should it so choose. The decision regarding the admissibility of Mr. Sundram and/or Dr. Kelly under Rule 104, Rule 702, and <u>Daubert</u> is left for the trial judge.

Upon the foregoing,

IT IS ORDERED that Tanager Place's motion to strike expert witness (docket number 66) is denied as set forth above. Tanager Place shall designate any rebuttal experts by July 15, 2005.

June 20, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT