**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| IOWA PROTECTION AND ADVOCACY SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TANAGER PLACE and TANAGER, INC., <br><br> Defendants. | No. C 04-0069 <br><br><br><br> **ORDER** |
| TANAGER PLACE, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> IOWA PROTECTION AND ADVOCACY SERVICES, INC., <br><br> Counterclaim Defendant. | |
| TANAGER PLACE, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> SYLVIA PIPER, <br><br> Third-Party Defendant. | |

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.  BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. SUPPLEMENTAL JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

## *I. INTRODUCTION*

Before the court are Counterclaim Plaintiff Tanager Place's Brief in Support of Jurisdiction over Counterclaim (docket no. 89) and the Memorandum Addressing Jurisdiction filed by Counterclaim Defendant Iowa Protection and Advocacy Services, Inc. ("IP&A") and Third-Party Defendant Sylvia Piper (docket no. 90).

## *II. BACKGROUND*

The circumstances surrounding this order are set forth in two prior orders of this court. Those orders are dated September 30, 2004 (docket no. 38) and August 24, 2005 (docket no. 78). *See also Iowa Protection & Advocacy Servs., Inc. v. Tanager Place,* 2005 WL 2035225 (N.D. Iowa 2005); *Iowa Protection & Advocacy Servs., Inc. v. Tanager Place*, 2004 WL 2270002 (N.D. Iowa 2004), *vacated as moot*, 427 F.3d 541 (8th Cir. 2005). Only those facts pertinent to jurisdiction will be reiterated here.

On June 3, 2004, IP&A filed a Complaint against Tanager Place.[1] IP&A alleged Tanager Place was interfering with IP&A's right to access Tanager Place's mentally ill residents, in violation of the Protection and Advocacy for Mentally Ill Individuals Act of 1986 ("PAMII Act"), 42 U.S.C. § 10801, *et seq*. IP&A invoked this court's federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."). IP&A sought declaratory and injunctive relief.

On June 14, 2004, Tanager Place filed a Counterclaim against IP&A. In Count I, Tanager Place sought a declaratory judgment that (1) IP&A's investigation constituted an unlawful search and seizure and (2) the PAMII Act was unconstitutional both on its face and as applied. In Count II, Tanager Place asserted a state law slander claim against IP&A and Sylvia Piper, whom Tanager Place joined as a third-party defendant. Tanager Place

---

[1] IP&A also named Tanager, Inc., the non-profit Iowa corporation which runs Tanager Place, as a defendant. It is not involved here.

2

alleged that Piper made false and defamatory oral statements about Tanager Place to a local newspaper while acting in the course of her employment at IP&A.

At a hearing conducted on June 16, 2004, IP&A moved to sever Count II of Tanager Place's counterclaim from the rest of the case. The court granted the motion. On August 9, 2004, the court set trial on the counterclaim for the two-week period beginning September 19, 2005, at 8:00 a.m.

On July 20, 2004, the court held a bench trial on the federal claims, i.e., IP&A's claims and Count I of the counterclaim. On September 30, 2004, the court issued a permanent injunction requiring Tanager Place to provide IP&A reasonable access in accordance with the PAMII Act and the regulations promulgated pursuant to it. On November 17, 2004, Tanager Place appealed.

Following trial, the parties filed what were essentially competing motions for summary judgment on Tanager Place's state law defamation claim. On August 24, 2005, the court denied both motions.

On August 22, 2005, the court continued the trial on the counterclaim to the two-week period beginning on March 20, 2006, at 8:00 a.m.

On October 6, 2005, Tanager Place filed an Unresisted Motion for Leave to Amend Counterclaim to Conform to the Evidence. Tanager Place sought to amend its counterclaim to assert libel, not slander. On October 11, 2005, the court granted the motion.

On October 27, 2005, the Eighth Circuit Court of Appeals vacated the court's injunction as moot, remanded the case and ordered this court to dismiss the complaint with prejudice. *See Iowa Protection & Advocacy Servs*, 427 F.3d at 544. The injunction was moot because, after the parties filed their appellate briefs, IP&A notified the Eighth Circuit Court of Appeals that it had concluded its investigation. *Id.* at 543.

On November 18, 2005, the court dismissed the complaint with prejudice, in

accordance with the mandate of the Eighth Circuit Court of Appeals. In addition the court noted that the parties were not diverse and only a state law claim remained and directed the parties to brief the issue of whether the court still had supplemental jurisdiction over the counterclaim. *See, e.g., Shelton v. Boeing Co.*, 399 F.3d 909, 911 n.2 (8th Cir. 2005) (recognizing the "special obligation" of a federal court to consider its own jurisdiction whenever it appears that jurisdiction may be lacking) (citing *Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991)).

On December 1, 2005, the parties complied with the court's order and filed their briefs addressing jurisdiction. Tanager Place argues that the court should retain supplemental jurisdiction over its counterclaim. IP&A moves for dismissal.

### *III. SUPPLEMENTAL JURISDICTION*

The court originally exercised supplemental jurisdiction over Tanager Place's defamation counterclaim. Title 28, United States Code, Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The court reasoned that because the court had jurisdiction over IP&A's complaint on account of the court's federal question jurisdiction, *see* 28 U.S.C. § 1331, the court had supplemental jurisdiction over the counterclaim as it "form[ed] part of the same case or controversy."

Because the court has since dismissed the complaint, federal question jurisdiction is lacking. The court must thus decide whether it should retain supplemental jurisdiction over the counterclaim. Section 1367(c) states that "[t]he district courts may decline to

4

exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

In discussing 28 U.S.C. § 1367(c), the United States Supreme Court has urged district courts to "'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity'" when deciding whether to exercise supplemental jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has also remarked:

> [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . —judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Cohill*, 484 U.S. at 350 n.7. The Supreme Court cautioned, however, that this is not a mechanical rule to be applied in all cases. *Id.*

Tanager Place asserts that the court should exercise supplemental jurisdiction for a number of reasons. Tanager Place contends that the court has extensive familiarity with the case. Tanager Place points out that the undersigned presided over the trial on the injunction and resolved the competing motions for summary judgment. Tanager Place also notes that the parties have completed discovery and trial preparation, including retaining expert witnesses, taking depositions of witnesses, conducting written discovery, researching legal issues and briefing the summary judgment motions. Tanager Place also points out that the remaining claim was a compulsory counterclaim and that the jurisdictional issue arose after the originally scheduled trial date and "only because IP&A abandoned its federal claims on appeal." Finally, Tanager Place notes that trial is less than four months away. If the court dismissed the case, Tanager Place opines that it would

5

have to initiate a brand new case in state court, its ability to get a trial would be delayed until late 2007 or early 2008, and "witnesses' memories inevitably would fade."

In response, IP&A and Piper urge the court to decline to exercise supplemental jurisdiction and dismiss the case. IP&A and Piper point out that the counterclaim solely involves the interpretation of state law, "which is within the purview and expertise of Iowa state courts." IP&A and Piper contend the court "has not expended significant judicial resources" on the counterclaim. IP&A and Piper thus argue judicial economy, convenience, fairness and comity all weigh in favor of dismissal.

For the reasons stated in Tanager Place's brief, the court concludes that the values of judicial economy, convenience and fairness weigh in favor of retaining supplemental jurisdiction over the counterclaim. The court is very familiar with the case. Not only has the court already ruled on the two motions for summary judgment regarding the counterclaim, it has also presided over a bench trial on the now-dismissed complaint that arises out of the same set of facts. The court has invested substantial judicial resources in resolving this case. Lastly, the court notes that trial is now only three months away. The parties have begun to prepare for the trial, including retaining expert witnesses. It would be unfair, inconvenient and a waste of judicial resources to dismiss the case at this late stage.

The procedural posture of this case is similar to one recently decided by the Eighth Circuit Court of Appeals. In *Grain Land Cooperative v. Kar Kim Farms, Inc.*, 199 F.3d 983 (8th Cir. 1999), the plaintiff and the defendant brought a mix of federal and state claims against one another. *Grain Land*, 199 F.3d at 988. The district court granted the plaintiff's motion for partial summary judgment on the federal claims. *Id.* at 989. The district court retained jurisdiction over the state law claims, however, because they were related to the federal claims. *Id.* Recognizing the Supreme Court's admonition in *Cohill*, the Eighth Circuit Court of Appeals nonetheless held the district court did not abuse its

discretion in continuing to exercise supplemental jurisdiction over the state law claims. *Id.* at 993. The court upheld the district court's ruling on account of "the considerable resources invested by the court in arriving at its summary judgment ruling." *Id.* (citing *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989)); *accord Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir. 1994) ("It is the law in this circuit that the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed." (Internal quotation marks omitted.)). Here, the court has invested more resources in the instant action than the district court did in *Grain Land*; apart from ruling on the summary judgment motions, the undersigned presided over a trial on the related federal claims. *See, e.g., Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (holding district court was not required to decline to exercise supplemental jurisdiction over remaining state law claims where court had already conducted a trial), *cert. denied*, 125 S. Ct. 2270 (2005). Accordingly, the court deems it appropriate to exercise supplemental jurisdiction over Tanager Place's counterclaim. 28 U.S.C. § 1367.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the court shall continue to exercise supplemental jurisdiction over Counterclaim-Plaintiff Tanager Place's defamation claim. To the extent the Counterclaim Defendant and Third Party Defendant moved to dismiss this case for lack of jurisdiction in their Memorandum Addressing Jurisdiction (docket. no. 90), such motion is **DENIED.**

**DATED** this 13th day of December, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA